UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES JACKSON,
    Plaintiff,

vs.      08-1038

ROGER WALKER, et. al.,
    Defendants.

## CASE MANAGEMENT AND MERIT REVIEW ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, Charles Jackson, has submitted a complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Logan Correctional Center. The plaintiff filed his complaint pursuant to 42 U.S.C. §1983 against three defendants including Warden Jennifer Stoudt, Assistant Warden Mark Jones and Illinois Department of Corrections Director Roger Walker. The plaintiff alleges that the defendants failed to protect him from injury.

    The plaintiff says on December 25, 2007, he was dressing after taking a shower at the correctional center when he was burned on the left arm by "exposed pipes." (Comp., p 6). The plaintiff says the defendants were deliberately indifferent to his health and safety because they did not warn him about the potential hazard with the pipes. The plaintiff states the defendants were "negligent." (Comp, p. 6). The plaintiff also says he believes the defendants should take steps to warn other inmates of the danger, but they have still failed to do anything. Finally, the plaintiff says prison officials knew the pipes were exposed and posed a danger to inmates, but did not warn him of the danger. (Comp, p. 7)

    A prison official can violate the Eighth Amendment by failing to take reasonable steps to protect inmates from a known, substantial threat to their safety." *Steidl v. Gramley*, 151 F.3d 739, 740 (7th Cir. 1998), *see also Farmer v. Brennan*, 511 U.S. 825, 847(1994). "The official must have actual knowledge of 'a substantial risk of serious harm.'" *Id*. "It is not enough that he failed to address 'a significant risk that he should have perceived but did not.'" *Id*. at 838. In addition, conduct that amounts to "mere negligence or inadverence" is not sufficient to impose liability. *Estate of Davis v. Johnson,* 745 F.2d 1066, 1070 (7th Cir. 1984).

1

It is possible the acts of the defendants amount to no more the negligence. However, the plaintiff alleges that the defendants knew the pipes caused a danger to inmates, put him near the pipes and purposefully failed to warn him of the danger. The plaintiff further states that he was burned as a result. For the purposes of notice pleading, the court finds that the plaintiff has stated an Eighth Amendment claim.

The plaintiff does not state in his complaint who escorted him to the shower or who was in the room when he was burned. Instead, the plaintiff names supervisors. "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). The doctrine of *respondeat superior* (supervisor liability) does not apply. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The plaintiff has alleged that Defendants Stout and Jones were aware of the danger. It is not entirely clear these defendants knew the plaintiff was exposed to the danger, but the court will allow the claims against these individuals at this point in the litigation. However, the plaintiff says Defendant Walker is liable because he is "directly responsible for not creating policies and conditions in conformity to the laws and statutes..." that would prevent this incident. (Comp, p. 6). The plaintiff has not alleged that this defendant knew about the pipes nor has he pointed to any policy that lead to the condition. The court will dismiss Defendant Walker.

The plaintiff also alleges that the conduct of the defendants violated his Fourth and Fourteenth Amendment rights, but has failed to allege any facts in support of these blanket claims. In addition, the court finds that the plaintiff has failed to state any official capacity claims. *See  Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendants Stoudt and Jones violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his health and safety on December 25, 2007.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.   The clerk of the court is directed to dismiss Defendant Walker for failure to state a claim upon which relief can be granted against this defendant.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in**

the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this  25th  Day of    February           , 2008.

                                    s\Harold A. Baker
                                    HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE